```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION

WILLIE BROWN, et al.,          )
                               )
     Plaintiff,                )
                               )
v.                             )       CV-97-AR-1164-S
                               )
ACTIVE BUILDING                )
CONTRACTORS, INC.,             )
                               )
     Defendant.                )
```

FILED 98 NOV -6 PM 1:23 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED NOV 6 1998

## MEMORANDUM OPINION

The court has before a motion for summary judgment by defendant, Active Building Contractors ("ABC"). It targets the action brought by plaintiffs, Willie Brown, Hera Lyons, and Anthony Vann, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended. Plaintiffs allege that they were subjected to "differential terms and conditions of employment" on the basis of their race (black). They allege that white employees repeatedly subjected them to racial slurs and other harassment, that ABC supervisors failed to discipline the harassing employees, and that when plaintiffs sought to enforce their rights by complaining to management, they were threatened with disciplinary action for insubordination. As a result of the alleged harassment, plaintiffs allege "constructive discharge"; in other words, they claim that their employment with defendant became so intolerable that they were forced to resign.

## Discussion

Under the rule announced in *Celotex Corp. v. Catrett*, 477 U.S. 317, 323; 106 S.Ct. 2548, 2552 (1986)("Celotex"), a defendant is entitled to summary judgment if a plaintiff fails to "make a sufficient showing on an essential element of her case with respect to which she had the burden of proof." Under *Celotex*, these plaintiffs cannot simply rest on the naked allegations in their complaint, but must provide some evidence to support each and every element of a prima facie case for each claim made. Plaintiffs have failed utterly to meet this burden.

Defendant filed its motion for summary judgment on August 17, 1998, and this court entered a submission order the next day. It required plaintiffs to file their brief in opposition, along with supporting affidavits or other evidence, by September 8, 1998. To this date, plaintiffs have filed no evidence whatsoever in this case, and no brief. This is not the first occasion on which plaintiffs have failed to comply with the schedule established by this court, and plaintiffs' counsel has already been sanctioned once during the course of this litigation. As a result of the failure to submit evidence, plaintiffs are unable to support any of the elements necessary to prove any of their claims under Title VII, and the evidence submitted by defendant remains undisputed.

The undisputed evidence in this case therefore shows, *inter alia*, that any alleged harassment by ABC employees did not adversely affect the terms and conditions of plaintiffs'

employment, that ABC management was not made aware of the alleged harassment until the date on which plaintiffs voluntarily resigned their employment, and that ABC management made a good faith effort to accommodate plaintiffs and to remedy the situation, even after plaintiffs quit. The undisputed evidence further shows that the alleged misconduct and inappropriate statements of plaintiffs' co-workers could not possibly have created an intolerably hostile work environment such that reasonable persons would agree that plaintiffs were forced to resign. The undisputed evidence also shows that ABC had a credible and comprehensive anti-harassment policy which was known and available to plaintiffs, but which plaintiffs declined to utilize to redress their grievances.

All such evidence submitted by defendants is unnecessary, however, because plaintiffs' utter lack of evidence prevents them from presenting any material factual disputes. The court therefore is compelled to find that no genuine issues of material fact exist with regard to any of plaintiffs' claims. Defendant is entitled to judgment as a matter of law, and its motion for summary judgment is due to be granted. A separate and appropriate order will be entered.

DONE this 6th day of November, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE